UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID WALTON,

    Plaintiff,

v.                                                                                     Case No. 24-cv-1171-bhl

CHRISTOPHER STEVENS, et al.,

    Defendants.

## DISMISSAL ORDER

      Plaintiff David Walton, who is confined at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by placing him in Administrative Confinement for 28 months based on a false allegation that he had assaulted staff. Dkt. No. 1. On December 12, 2024, the Court screened and dismissed the original complaint for failure to state a claim upon which relief could be granted. Dkt. No. 7. The Court concluded that Walton did not allege enough facts from which the Court could reasonably infer that Defendants denied him "informal, nonadversarial due process" prior to his placement in Administrative Confinement. *Id*. at 4-5. The Court noted that Walton had affirmatively alleged that he received a "review" of his placement in Administrative Confinement every six months, meaning he received "some" process during his time in Administrative Confinement, and without more facts supporting his claim, the Court could not reasonably infer that he was denied "informal, nonadversarial due process" *prior* to his placement in Administrative Confinement. *Id*. Specifically, the Court directed Walton to provide information on: (1) whether he received notice of the reasons for his placement in Administrative Confinement; (2) whether he

received an opportunity to present his views, including the opportunity to provide a written statement; and (3) whether the decisionmaker reviewed the charges and the then-available evidence when rendering the decision. *Id*. The Court directed Walton to file an amended complaint that contained these facts by January 12, 2025, if he wanted to proceed with the case. *Id*. at 6.

On January 2, 2025, Walton filed an amended complaint. Dkt. No. 8. The amended complaint includes the same defendants and realleges the same facts (almost verbatim) from the original complaint. *Compare* Dkt. No 1 *with* Dkt. No. 8. Walton does not provide any of the details requested by the Court except the statement that "I was given a due process hearing and then placed into Adm. Confinement." Dkt. No. 8 at 3. It's still unclear whether Walton received notice of the charges against him before his due process hearing, or an opportunity to present his views, including the opportunity to provide a written statement, at his due process hearing. It is also unclear whether the decisionmaker reviewed the charges and the then-available evidence at the due process hearing. *Id*. Walton simply reiterates that he was innocent all along and that none of the Defendants believed him for over 28 months until the Dodge County District Attorney produced pictures showing that there were "zero stabbed wounds or other injuries to the staff member's body." *Id*. at 3-5. Walton states that Defendants should have believed him earlier when he told them he was innocent. *Id*.

As noted in the prior screening order, an inmate who is transferred to Administrative Confinement for disciplinary reasons is only entitled to "informal, nonadversarial due process," which leaves substantial discretion and flexibility in the hands of the prison administrators. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (citing *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate be provided (1) "notice of the reasons

for the inmate's placement" in confinement and (2) "an opportunity to present his views," for instance, in a written statement or at a hearing. *Id.* In his amended complaint, Walton admits that he "was given a due process hearing and then placed into Adm. Confinement;" and he still does not allege that he failed to receive notice of the charges, failed to receive an opportunity to present his views, or that the decisionmaker failed to review the charges and the then-available evidence prior to rendering a decision. Without these facts, the Court cannot reasonably infer that Walton was denied "informal, nonadversarial due process" at a due process hearing he *admits* he received prior to his placement in Administrative Confinement. Therefore, Walton fails to state a Fourteenth Amendment due process claim.

Walton also notes—in one sentence without further elaboration—that he wishes to proceed on an Eighth Amendment claim. Dkt. No 8 at 1. He notes that he "was locked in a cell 24/7 with the exception of recreation for 2 hours a week;" and that he suffered from "anxiety issues" and "self-destructive behavior." *Id*. at 5. However, the amended complaint does not allege any personal involvement by any of the Defendants in connection with the conditions of his confinement. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others]."). Nor does Walton allege that he ever notified any of the Defendants about the conditions of his confinement or that they ever said or did anything to show deliberate indifference towards the conditions of his confinement. Walton's allegations concerning the Defendants' conduct relate to his due process; he has not alleged that they had any role in his limited conditions of confinement complaint. *See* Dkt. No. 8 at 2-4. Walton therefore also fails to state an Eighth Amendment conditions of confinement claim; and the Court will dismiss this case for failure to state a claim.

3

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.